6

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DAVID L. BRYANT,<br><br>          Debtor(s). | Case No. 08-38291-C-7<br><br>Adversary No. 09-2438 |
| PETER CLARK,<br><br>          Plaintiff(s),<br><br>v.<br><br>DAVID BRYANT, A. RON EVANGELISTA, WILLIAM P. KINSEY, GEORGE CARASCO, JEFFREY HILL; LOUIS SCHOFIELD; AND, IN CONJUNCTION WITH BINDING ARBITRATION SET WITH PETER CLARK: STEVEN MCKAE, JEANINE DEBACKER, GREG BRANDT, WALTER TURNER, DEANNA LYONS, GILLIAN ROSS, THIELE DUNAWAY, LEONARD MARQUEZ, TIMOTHY WILLIAMS, AND THE LAW OFFICES OF WENDEL, ROSEN, BLACK AND DEAN,<br><br>          Defendant(s). | FILED<br>SEP - 3 2009<br>UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA |

**MEMORANDUM RE ABSTENTION PURSUANT TO**
**28 U.S.C. § 1334(c)(1)**

This memorandum is not intended for publication. The court issued an order to show cause why the court should not abstain under 28 U.S.C. § 1334(c)(1) in this adversary proceeding commenced by Peter Clark filing a "Complaint For

Bankruptcy Fraud And Other Fraud" against David Bryant, the debtor in Case No. 08-38291-C-7, and purporting to name as other parties "A. Ron Evangelista, William P. Kinsey, George Carasco, Jeffrey Hill; Louis Schofield; and, in conjunction with binding arbitration set with Peter Clark: Steven McKae, Jeanine DeBacker, Greg Brandt, Walter Turner, Deanna Lyons, Gillian Ross, Thiele Dunaway, Leonard Marquez, Timothy Williams, and the Law Offices of Wendel, Rosen, Black and Dean."

Upon examining the complaint, it became apparent that there is no relief being sought that is specific to the chapter 7 bankruptcy case of David Bryant.

Mr. Clark does have a problem with Mr. Bryant based on a note that Mr. Clark allegedly executed in favor of Mr. Bryant, who then is alleged to have transferred the note allegedly in violation with agreement with Mr. Clark. It is contended by Mr. Clark that efforts to collect on that note have embroiled him in other litigation. In addition, Mr. Bryant apparently participated in filing an involuntary chapter 7 case against Mr. Clark, as Case No. 05-44346-EDJ7, United States Bankruptcy Court, Northern District of California, which case was dismissed with prejudice on May 19, 2006.

The relief, however, that is sought in this adversary proceeding relates to other persons regarding other matters. At least some of those others matters are the subject of coordinated proceedings pending in the Superior Court of the State of California, County of Contra Costa, as Coordinated Case No. 4230, entitled "The Clark Family Cases." It appears that arbitration has been ordered to occur in those proceedings.

- 2 -

In the complaint in this adversary proceeding, Mr. Clark requests relief as stated in paragraphs 38-42:

> "38. Status quo ante-bellum-Restoration of Peter's management positions to provide Peter with net income from commonly held properties; and so that Peter can administer an accounting of all commonly held funds and collect payment of all amounts withheld since Wendel's filings of lawsuits from the Client Trust Account; and reimbursement of Peter's attorneys fees so that Peter can pay for proper representation in the Binding Arbitration.
>
> 39. Injunctive and/or declaratory relief to prevent disclosure of attorney-client privileged information, and other damages against Peter Clark prior to the adjudication between Wendel and Petitioner in the Binding Arbitration, and the adjudication of the other issues.
>
> 40. A permanent injunction preventing Wendel and Bryant or their agents from collecting or depositing funds belonging to, derived from, or commingled with assets connected to Peter Clark or the estate of Johnson or Louise Clark, or regarding assets related to the business and personal affairs of their client, and or 'estate planning matters' related to the Johnson Clark family; or acts that might harm Peter Clark, their contractual and de jure client, without an order from the Neutral in the scheduled arbitration, in the case of Wendel, or from the Bankruptcy Court, in the case of Bryant.
>
> 41. Cancellation of claims that Alleged Co-Conspirators were attempting to pursue simultaneously with this Bankruptcy in Contra Costa County subsequent to Bryant filing his bankruptcy regarding Plaintiff's General Partner interest in La Playa Apartments, L.P. in parallel with Wendel, and in apparent contempt for the jurisdiction of the United States Bankruptcy Court regarding said Alleged Co-Debt and overlapping credits represented by Alleged Co-Conspirators' Promissory Notes.
>
> 42. Offset any overlapping claims by petitioner and Alleged co-conspirators that might remain after Peter's challenges, with any net costs to be drawn from Wendel's Client Trust Account, against the damages, as required by the State Bar policies and Rules of Professional Conduct of the California Bar ("CRPC" or "Bar Rules") and the case law that will be provided."

Complaint at 9-10.

The court issued an order to show cause why, in light of the relief sought, the court should not abstain pursuant to 28 U.S.C.

- 3 -

§ 1334(c)(1) in the interest of justice, or, in the interest of comity with State courts or respect for State law.

Hearing was held on September 1, 2009, before the undersigned. After considering the arguments presented by the various parties appearing at the hearing, and reflecting upon the situation after taking the matter as submitted, this court, assuming without deciding that it has jurisdiction in the first place, is persuaded that the litigation presented in this complaint is more appropriately resolved in a nonbankruptcy court.

Jurisdiction is doubtful with respect to at least some of the claims for relief that apparently are sought to be presented. If the court does have jurisdiction over any of these claims, they would be noncore matters that likely would involve the district court, as well as the bankruptcy court. Moreover, none of the parties against whom relief is sought is a debtor in this bankruptcy case. Additionally, there are complex relations between the parties, at least some of which are being addressed in other forums, and all of which appear to be based on state law. Nor is it apparent that complete relief could be obtained in a federal forum. Therefore, even assuming that the court has jurisdiction over some of the claims asserted, the court elects, pursuant to 28 U.S.C. § 1334(c)(1),[1] to abstain from hearing this adversary proceeding, which adversary proceeding will be

---

[1] The assertion by one of the counsel at the hearing that there is one aspect of this litigation as to which this court has a duty to act is incorrect. In the bankruptcy abstention statute upon which the court is relying, 28 U.S.C. § 1334(c)(1), Congress reversed the common law presumption that a court with jurisdiction must exercise such jurisdiction when asked to do so.

dismissed.

The dismissal will be without prejudice to Mr. Clark filing an action against Mr. Bryant to deny his discharge pursuant to 11 U.S.C. § 727 or to establish the existence of a nondischargeable debt, so long as any such litigation does not include other parties or claims not germane to an objection to discharge or nondischargeability complaint.

An appropriate order dismissing this adversary proceeding will be issued.

Dated:   September 3, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Peter C. Clark
1674 Pleasant Hill Rd
Pleasant Hill, CA 94523

David L. Bryant
15460 Boundary Ct
Rancho Murieta, CA 95683

Louis F. Schofield
2678 Bishop Dr #205
San Ramon, CA 94583

Stephen McKae
1111 Broadway 24th Fl
Oakland, CA 94607

Dated: 9/4/09

_____
DEPUTY CLERK

R. Lopez